Peelle, Oh. J.,
delivered the opinion of the court:
The claimant by his bid and contract obligated himself to furnish all necessary labor and material therefor and to construct within eighty-five days from the date of notice of the award of the contract (October 17, 1901) the heating, plumbing, and gas piping of additions and improvements to the hospital at Fort Hancock, N. J., for the aggregate consideration of $14,061; and on failure to complete the same in all respects within the time specified he was to pay $25 per day as liquidated damages therefor.
The work was to be done according to the plans and specifications therefor and under “ the directions and to the satisfaction of the United States officer in charge and in conformity with his instructions.”
The work was not completed until June 22, 1902, long after the time specified in the contract, but the penalty or liquidated damage clause of the contract was not enforced because it did not appear that the Government had been damaged to that extent; and, further, the claimant had been somewhat deU^ed by the officers of the Government in the prosecution of the work, as we have set forth in the findings.
As the questions involved are nearly or quite all questions of fact, little comment is necessary. We have found the facts which we believe to be supported by the evidence, and in so far as recovery is allowed thereon they will speak for themselves. It only remains to state the court’s reasons for not allowing certain items disclosed therein.
During the earlier prosecution of the work, on account of the claimant’s frequent absence, there was no one to whom the officers of the Government could give instructions or direction about the work, and that continued, with more or less embarrassment to the officers of the Government, until the claimant was required to secure a foreman to whom instructions could be given respecting the work; and even then some delays occurred without any fault on the part of the officers of the Government.
Time was the essence of the contract, and instead of delaying the work the officers of the Government were not *153 only anxious to have the work completed, but, with few and slight exceptions, they urged the claimant from time to time to hasten the work.
The claimant was given to understand that the liquidated damage clause of his contract was likely to be enforced by reason of his delays, and there was charged to him 138 days’ delay, at $25 per day, or $3,450, which was at first deducted from the contract price. But the claimant protested, and finally, as it did not appear that the Government had been damaged to that extent, the amount was paid to him.
There is some indication in the claimant’s testimony to the effect that prior thereto, under the belief that said amount would be deducted from his contract price and that no payment would be made for extra work, he made out the bill of items he now claims.
The court has made no findings respecting certain of the items claimed in the petition because they are not supported by the evidence. Indeed, the evidence in the case on behalf of the claimant is of the most indefinite character both as to the extent of the delays and the losses occasioned thereby. The claimant is the principal witness as to both, but as he was absent a good portion of the time he could have no personal knowledge of the matters which occurred during such absence. His testimony respecting the amount of his losses is not only indefinite, but greatly exaggerated.
The court has had some difficulty in reaching the conclusion that the claimant is entitled to recover even on the findings indicated in the conclusion of law, but as the officers of the Government in charge of the work concede some slight delays due to their acts we have reached the conclusion we have respecting the judgment in the claimant’s favor. But in regard to the other losses growing out of alleged delays on the part of the officers of the Government the findings show that the delays were not due to their acts, but were due to the failure of the claimant to either follow the specifications, consult the officers in charge before proceeding with certain of the work, or in not following directions when he did consult them.
The contract obligated the claimant to. give his personal superintendence to the work or to provide a competent fore *154 man in his place; and as he only provided a foreman during his absence, and then only for a portion of the time, he is not entitled to reimbursement therefor. Nor is he, after the settlement of his disputed claims for extra work, as set forth in Findings SIX and XX, and receipting therefor in full without protest or objection, entitled to recover any remaining balance.
We have macie no finding respecting the claim for profits, as it appears that the claimant was permitted to carry out the contract, notwithstanding his delays, for which he was paid the full contract price, .so that whatever profits there were in the contract he got the benefit of.
For the reasons we have given the claimant is entitled to recover on the findings indicated in the conclusion of law in the sum of $431, for which judgment is ordered to be entered.